IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RACHEL GARCIA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CAUSE NO. EP-10-CA-423-FM |
| | § | |
| SECURITAS SECURITY SERVICES USA, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION FOR SANCTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Plaintiff Rachel Garcia (hereinafter referred to "Ms. Garcia" or "Plaintiff") and respectfully files her Motion for Sanctions against Defendant Securitas Security Services USA, Inc., (hereinafter referred to "Defendant" or "Securitas"), and as grounds for her motion would show the Court the following:

### I. PROCEDURAL AND FACTUAL INTRODUCTION

1. Plaintiff filed her Original Petition on October 10, 2010 asserting claims against Defendant of sexual harassment, discrimination on the basis of sex, hostile work environment and wrongful termination on the basis of retaliation for engaging in protected activities under Texas Labor Code. Thereafter, Defendant sought removal to this court on the basis of diversity.

2. Lead counsel for Ms. Garcia is located in San Antonio and Defendant's counsel is located in Dallas.

3. On January 11, 2011 the Court issued its initial Scheduling Order. Paragraph 6 of the Scheduling Order mandated that Alternative Dispute Resolution ("ADR") be completed by the parties no later than September 21, 2011. The parties were further required to file a report on ADR no later than 20 days after the ADR deadline.

4. The parties have exchanged and responded to written discovery.

5. On June 30, 2011 Ms. Garcia's deposition was taken in El Paso.

6. Immediately following Ms. Garcia's deposition counsel for Defendant expressed to plaintiff's counsel a desire to enter into cooperative settlement negotiations and, to that end, requested a formal initial settlement demand from Ms. Garcia.

7. Accordingly, by letter dated July 19, 2011, counsel for Ms. Garcia submitted to Defendant an initial written settlement demand in the amount of $70,000.00. (See attached Exhibit "A".)

8. On or about July 28, 2011 Defendant's lead counsel telephoned plaintiff's counsel to discuss Ms. Garcia's initial demand. Defendant's counsel advised that Defendant was offering $5,000.00 to settle the matter. Counsel further advised that the $5,000.00 offer would be Defendant's only offer and that there would be no increase in that amount and that no other offers would be forthcoming from Defendant.

9. Defendant's offer of settlement was relayed to Ms. Garcia and the offer was unacceptable to her. Having understood Defendant's offer to be its only offer, Plaintiff's counsel took no further action and did not respond to the offer.

10. On August 1, 2011 the depositions of Defendant's principal witnesses were taken in El Paso.

11. On or about September 15, 2011 Defendant's lead counsel once again contacted Plaintiff's attorney wanting to discuss the upcoming September 21, 2011 ADR deadline. Defendant's counsel reiterated the previous $5,000.00 offer of settlement, acknowledged Plaintiff's silence and rejection of the offer yet wondered how to best address the ADR deadline. Ms. Garcia's attorney advised counsel that Ms. Garcia remained interested in continuing settlement discussions but if Defendant believed that such efforts would be futile that Defendant might file with the court a motion advising of the futility and asking the court to waive the ADR requirement.

12. Shortly thereafter, Defendant submitted to Plaintiff a proposed agreed motion to the court

advising the court of the stalled settlement attempts yet seeking an extension of the ADR deadline. This came as a surprise to Ms. Garcia and her attorney knowing of Defendant's position regarding settlement as so adamantly represented by its counsel. Nonetheless, both Ms. Garcia and her attorney were encouraged to believe that good faith settlement negotiations were possible. Thus, with renewed hope for settlement Ms. Garcia and her attorney agreed to filing of the proposed agreed motion.

13. On September 23, 2011 the Court's Order Granting Agreed Motion to Modify ADR Deadline in Scheduling Order was filed with the court.

14. By email, dated September 26, 2011, counsel for Defendant contacted Ms. Garcia's attorney stating that in light of the Court's grant of extension of the mediation deadline "we need to schedule mediation asap" and seeking suggested mediator names. Again, both Ms. Garcia and her attorney were encouraged by Defendant's desire to attend mediation and believed that good faith settlement negotiations were possible.

15. On September 28, 2011 the parties agreed to appointment of former judge Kenneth Carr as mediator and agreed to mediation on Friday, October 14, 2011.

16. Thereafter, Ms. Garcia's attorney reserved and paid for a round-trip flight from San Antonio to El Paso to attend mediation. Plaintiff also paid her $500.00 share for the mediator's services.

17. Ms. Garcia and her attorney were in attendance at mediation on Friday, October 14, 2011. So too were Defendant and its lead counsel.

18. The mediation commenced at 10:00 a.m. as scheduled. After a brief joint session the mediator, Mr. Carr, met alone with Defendant and its counsel. At 10:45 a.m. the mediator requested to meet alone with Ms. Garcia's attorney. During that meeting the mediator disclosed to counsel that Defendant was offering only $1,000.00 as full and final settlement. Dumbfounded by this news counsel asked if that was new money in addition to the $5,000.00 previously offered by Defendant. No, the mediator confirmed, Defendant was offering only $1,000.00 to settle. The mediator also relayed that Defendant indicated that it might pay $2,000.00 but no more. Even still this was $3,000.00 less than what

Defendant offered before mediation.

19. The mediator then suggested that Plaintiff make a single demand for settlement as a final effort to resolve the matter. Wanting to resolve the matter without incurring further costs Plaintiff did as suggested and made a demand of $10,000.00. Defendant rejected that offer and made a final counter-offer of $4,000.00; an offer still less than what Defendant had offered before mediation. That offer was rejected by Ms. Garcia. Mediation ended at 12:25 p.m.

20. On October 19, 2011, 5 days after the failed mediation, Defendant filed its Motion for Summary Judgment with the court.

## II. STANDARD OF REVIEW

21. This Court's Local Rule CV-88(l) states:

"**Sanctions.** The sanctions available under Federal Rule of Civil Procedure 16(f) shall apply to any violation of this rule."

Federal Rule of Civil Procedure 16(f) states:

"(1) *In General.* On motion or on its own motion, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

(B) is substantially unprepared to participate – or *does not participate in good faith* – in the conference;

(2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." *FRCP 16(F). Emphasis added.*

## III. ARGUMENT

22. Based on all of the foregoing, Ms. Garcia asserts that Defendant did not participate in good faith at the mediation. The facts establish that Defendant never had any intention of attempting to settle the matter at mediation and that it suggested mediation all the while knowing that it would come to mediation intending to pay far less than what it had originally previously offered to Ms. Garcia. Knowing that Ms. Garcia had previously rejected the $5,000.00 offer Defendant could not possibly have believed

that Ms. Garcia would accept anything less at mediation.

23. The facts further establish that Defendant, by coming to mediation only to offer substantially less than its previous offer, could only have intended to inconvenience, embarrass and intimidate Ms. Garcia. Further, through its actions, Defendant also seriously inconvenienced Plaintiff's attorney. Defendant's actions caused Ms. Garcia to incur significant additional costs of litigation including the mediator's fees, her attorney's travel expenses, and attorney's fees. All of these costs, including the loss of valuable time, could have been avoided if Defendant had been forthcoming with Ms. Garcia and her attorney by informing them that Defendant had no intention of making any meaningful offers of settlement at mediation and by disclosing that it intended to offer less. With that information Mr. Garcia could have easily adduced that coming to mediation would have been an unnecessary waste of time and resources. And, at that point, the parties could have informed the court of what was to be expected at mediation, that mediation would truly be futile, and sought appropriate relief. Instead, valuable time and money were wasted.

24. Therefore, Ms. Garcia requests that the Court find that Defendant failed to participate in good faith in the mediation process and that it order Defendant and its attorney to pay Ms. Garcia her expenses and attorney's fees incurred because of Defendant's acts of bad faith and noncompliance. Ms. Garcia requests that Defendant be ordered to reimburse her for the cost of her attorney's travel expenses, including airfare ($522.00), cab fare ($46.00) and airport parking ($10.00). That Defendant and its attorney be ordered to reimburse Ms. Garcia her share of the mediator's fee ($500.00). And that Defendant pay Ms. Garcia's attorney's fees for time spent traveling to and from El Paso for the failed mediation all in the amount of $4,000.00 (i.e., 10 hours (6 o'clock a.m. to 4 o'clock p.m.) at $400.00 per hour).

25. Ms. Garcia further requests that in the event that Defendant's motion for summary judgment is granted causing her lawsuit to be dismissed that Defendant should not be allowed to claim as recoverable costs any expense incurred by it or its attorneys associated with the mediation held in El Paso.

That is, because Defendant did not participate in good faith at mediation it should not be entitled to seek recovery from Plaintiff for its attorney's travel expenses or its fee paid to the mediator or any other costs or expenses incurred in preparation for and attendance at mediation.

### IV. CONCLUSION

Based on all of the foregoing Ms. Garcia asserts that Defendant did not participate in the mediation in good faith. Ms. Garcia further asserts that Defendant's actions cannot be justified. Therefore, under the circumstances, it being just, the court must order the Defendant, its attorney, or both to pay to Ms. Garcia her reasonable expenses incurred, including attorney's fees, due to Defendant's failure to participate in good faith at mediation.

WHEREFORE PREMISES CONSIDERED, Plaintiff Rachel Garcia requests that this Court grant her Motion for Sanctions and that it order Defendant, its attorney, or both to reimburse Ms. Garcia for her reasonable expenses, including attorney's fees, incurred because of Defendant's failure to participate in good faith at mediation and that it impose upon Defendant any other sanctions as is deems appropriate.

Respectfully Submitted,

DAVIS LAW FIRM
5710 IH 10 West
San Antonio, Texas 78201
Telephone: (210) 734-3599
Telecopier: (210) 785-0806

By: /s/ Mark Anthony Acuña
    MARK ANTHONY ACUÑA
    State Bar No.24064044
    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October 2011, I electronically filed the foregoing Notice of Entry of Appearance with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Barry Moskowitz, Esq.
Amanda Williams, Esq.
Thompson, Coe, Cousins & Irons, LLP
700 N. Pearl St 25th Floor
Dallas, Texas 75201
Attorneys for Defendant

/s/ Mark Anthony Acuña
MARK ANTHONY ACUÑA